IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| LISA ISKRIC | : | CHAPTER 7 |
| DEBTOR | : | CASE NO. 1-12-03839-RNO- |

| | | |
|---|---|---|
| LISA ISKRIC | : | ADVERSARY No. |
| v. | : | 1-13-ap-00076-RNO |
| | : | |
| COMMONWEALTH FINANCIAL | : | Nature of Proceeding: |
| SYSTEMS, INC. | : | MOTION TO SET ASIDE |
| DEFENDANT: | | DEFAULT JUDGMENT |

## MEMORANDUM OF LAW

### I.    INTRODUCTION

Defendant, Commonwealth Financial Systems, Inc., ("CFS") by and through its

attorney, Michael F. Ratchford, Esquire, of Edwin A. Abrahamsen & Associates, hereby

respectfully requests, pursuant to Federal Rules of Banrkruptcy Procedure 7055, Federal

Rule of Civil Procedure 55(c), and Federal Rule of Civil Procedure 60(b) that the default

entered against it on June 6, 2013 and the subsequent Order for Damages entered August

7, 2013, be set aside to allow it to present his meritorious defenses and/or claims in this

matter.  Good cause exists under Rule 55(c) and 60(b) to vacate the Default and permit

Defendant to proceed with his meritorious defenses to Plaintiff's adversary proceeding.

### II.    FACTUAL BACKGROUND

Defendant Commonwealth Financial Systems, Inc. obtained a judgment in the

Dauphin County Court of Common Pleas in July 2007.  Subsequent to that date in

conducting post judgment discovery, Defendant sought and obtained Orders from the

Dauphin County Court of Common Pleas, on November 29, 2007 and May 14, 2008

1

ordering Plaintiff to respond to Defendant's post judgment discovery requests. Defendant in the next 4 years ignored the Court's Order. On June 14, 2012 President Judge Lewis, entered an Order providing for sanctions for failure to comply with his previous orders as well as the issuance of a bench warrant for her to be taken into custody by the Sheriff, and then brought before Judge Lewis or the judge presiding over discovery matters as of that date. The Plaintiff then filed a Chapter 7 bankruptcy on June 28, 2012. The Chapter 7 bankruptcy was discharged on October 15, 2012. Plaintiff did not take the affirmative step to file a Motion or Petition with that court seeking to stay or strike the June 14, 2012 Order.

Subsequent to the issuance of that Order and the filing of the bankruptcy, on or about February 17, 2013, Plaintiff was arrested, by the Swatara Township Police. According to the terms of the Order, she should have been taken to Judge Lewis or the discovery Judge on that day, or the next, for resolution of her failure to comply with the previous court Orders. For reasons unknown and beyond the control of Defendant, that was not done.

Further, when on contacted by Judge Lewis' clerk, Defendant's attorney of record on the judgment entered in Dauphin County, Alan Mege, he indicated that this matter was closed with his office and that the Plaintiff had filed bankruptcy, and therefore no responses needed to the discovery requests, but that the handling of the contempt Order was ultimately the Judge's decision. Therefore, when notified of the arrest, Defendant notified the court that its file was closed and that there was not proceeding against Plaintiff. Any action that occurred after that date was beyond the control or knowledge of the Defendant.

2

On April 1, 2013, Plaintiff initiated the adversary proceedings for violations of the

Bankruptcy Code, 11 U.S.C. §362(k) and §524(a), for violations of the stay of

proceedings issued upon Plaintiff's filing of her Chapter 7 Petition. On April 5, 2013

Defendant Commonwealth Financial Systems, Inc. As the court records reflect, that was

the last document received by Plaintiff with regard to this matter. On June 6, 2013,

Plaintiff filed a Motion for Default Judgment. Defendant did not receive a copy of that

motion, nor a courtesy notice that such a motion would be filed by a date certain. On

June 6, 2013, this Court entered and Order granting Plaintiff's Motion for Summary

Judgment. Defendant did not receive a copy of that order, or that there was a subsequent

hearing scheduled. Because Defendant did not receive the Motion for Summary

Judgment, nor the Order entered, it was unaware of those filings and did not present a

defense at the hearing, or file an Answer. As a result, an Order was entered granting

Plaintiff damages in the amount of $88,480.00.

## III.    LAW AND ARGUMENT

Bankruptcy Rule of Procedure 7055 states that F.R.Civ.P 55 applies in bankruptcy

proceedings. Rule 55(c) of the Federal Rules of Civil Procedure states as follows: "For

good cause shown the court may set aside an entry of default and, if a judgment by default

has been entered, may likewise set it aside in accordance with Rule 60(b)." Furthermore,

Rule 60(b) of the Federal Rules of Civil Procedure grants District Courts broad authority

to set aside a judgment for several reasons, which include, inter alia: 1) mistake,

inadvertence, surprise, or excusable neglect, or 2) "any other reason justifying relief from

the operation of the judgment." The Court has a broad discretion in determining whether

to set aside an entry of default judgment under Rule 55(c). *Maule v. Philadelphia Media*

3

*Holdings, LLC*, 2009 U.S. Dist. LEXIS 1403, *4 (E.D. Pa. 2009) (*citing Momah, M.D. v. Albert Einstein Med. Ctr.*, 161 F.R.D. 304, 307 (E.D. Pa. 1995)). In general, defaults are not favored because the interests of justice are best served by reaching a decision on the merits. *Id.* In particular, the Third Circuit "does not favor default judgment and in a close case, doubts should be resolved in favor of setting aside the default and reaching the merits." *Id.* (*citing Zawadski de Bueno v. Bueno Castro*, 822 F. 2d 416, 420 (3d Cir. 1987).

The courts generally determine motions to set aside a default judgment based upon the following three considerations: (1) the excuse or explanation for the default, (2) the existence of a meritorious defense to the action and (3) the existence of any substantial prejudice to the party not in default. Other considerations that the Court may take into account are whether a substantial sum of money is involved, the good faith or lack thereof of the parties and the timing of the motion to set aside the default. Phillips v. Weiner, 103 F.R.D. 177, 179 (1984).

As a threshold matter, attached hereto are Exhibits "A-C" which include the various notices from the court, and reflected on the docket, showing that nothing beyond the original Complaint was ever served on Defendant. Additionally, there is no certificate of service found on the record showing that Plaintiff's attorney ever served the Motion for Default Judgment on the Defendant, and Defendant has no record of ever receiving that Motion. The documents attached as Exhibit "A" demonstrate that Defendant was not served the Order granting Plaintiff's Motion for Default Judgment. Exhibit "B" shows that the Opinion entered was not served on Defendant, nor was the Amended Order, as shown in Exhibit "C."

4

As a result of Defendant not receiving the Motion for Default Judgment, or any of the Orders, it was unaware that: the a Motion for Default had been filed; that an Order had been entered, thereby prohibiting a prior filing of Motion to Vacate; that a damages hearing was scheduled; or that a subsequent Order awarding damages had been entered. Had Defendant known of any of these filings, it would have responded to the Complaint, filed a Motion to Vacate, and attended the scheduled hearing. However, it was unaware that the case had proceeded in any regard beyond the initial filing of the Complaint, and has been greatly prejudiced as a result.

### A. Good Cause Exists Under Rule 55(c) and 60(b) to Vacate the Default Judgment

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause…" "This provision vests the Court with broad discretion in deciding whether to set aside an entry of default." *Momah, M.D. v. Albert Einstein Med. Ctr.*, 161 F.R.D. 304, 307 (E.D. Pa. 1995)(*citing Hamiton v. Edell*, 67 F.R.D. 18, 20 E.D. Pa. 1975)). The default procedure is disfavored because the interests of justice are best served by obtaining a decision on the merits. *Farnese v. Bagnasco,* 687 F.2d 761, 764 (3d Cir. 1982); *Medunic v. Lederer,* 533 F.2d 891, 893-94 (3rd Cir. 1976). Thus Rule 55(c) motions are construed liberally in favor of the movant." Momah, 161 F..D. at 307; see also *Am. Telecom, Inc. v. First Nat'l Commc'n Network, Inc.* No. Civ. A. 99-3795, 2000 U.S. Dist. LEXIS 7529, at *1 (E.D. Pa. June 2, 2000).

The Third Circuit "does not favor entry of Default or default judgments." *U.S. v. $55,518 in US Currency,* 728 F. 2d 192, 194 (3rd. Cir. 1984). "If there is any doubt as to whether the default should be set aside, the court should err on the side of setting aside

5

the default and reaching the merits of the case." *Danilo v. Healthhelp, Inc.* No. Civ. A. 01-CV-5625, 2002 U.S. Dist. LEXIS 14120 (E.D.Pa. July 2, 2002) at \*3. The Defendant has good cause to set aside the default in this action as it would not prejudice the Plaintiff, it has presented a meritorious defense and it did not act in bad faith in failing to timely respond to the Complaint.

1. Plaintiff Would Not Be Prejudiced By Vacating the Default Judgment

No prejudice would inure to Plaintiff should relief from the default be granted. Delay in realizing satisfaction on a claim rarely constitutes prejudice sufficient to prevent relief. *Feliciano v. Reliant Tooling Co., Ltd,* 691 F.2d 653, 656-657 (3rd. Cir. 1982). Nor does the fact that Plaintiff will be required to further litigate the action on the merits constitute prejudice. *Choice Hotels Int'l, Inc. v. Pennave Assoc, Inc.,* 192 F.R.D. 171, 174 (E.D.Pa. 2000). Rather Plaintiff must establish that relief would hinder her ability to pursue her claims through loss of evidence, increased or potential fraud, or substantial reliance on the default or judgment. *Feliciano v. Reliant Tooling Co., Ltd.,* 691 F. 2d 653, 656-657 (3d. Cir 1982). Plaintiff cannot make a showing towards any of those ends.

In the present matter Plaintiff will not be prejudiced if the default judgment is vacated. If the Plaintiffs have a valid case against CFS, based on evidence and testimony that is equally available now, as it would have been then, Plaintiff will still be able to succeed on its claim. However, as set forth in its proposed Answer, CFS has clear and meritorious defenses to the claims set forth, and would be greatly prejudiced if a judgment in excess of $88,000.00 is allowed to stand.

6

### 2. The Default Should Be Set Aside Because the Defendant Possess Meritorious Defenses to Plaintiff's Claim

The Defendant has raised meritorious defenses to Plaintiff's Complaint in their proposed Answer attached to its Motion. "A Defendant moving to set aside a default judgment must establish a meritorious defense; otherwise, if the Defendant has no chance of prevailing, there is no need to set aside the judgment." *Emcasco*, 834 F.2d at 73. "A 'meritorious defense' is one which if established at trial, would completely bar plaintiff's recovery." *Rockwell*, 2002 U.S. Dist. LEXIS 4406, at *7(citing Emcasco, 834 F.2d at 73). "It is not enough for Defendant to simply deny the factual allegations in Plaintiff's Complaint. Rather, Defendant must allege facts, which, if established would enable Defendant to prevail in the action." *Bennett v. Transcare Ambulance Serv.*, No. 11-176, 2012 U.S. Dist LEXIS 32361 at *4 (E.D. Pa. Mar. 9, 2012).

The Defendant's meritorious factual and legal defenses are included the proposed Answer to the Complaint. Most relevant of these is the factual defenses are that Defendant does not believe that it has the affirmative duty and total responsibility to ask the court to vacate or stay a contempt order because a bankruptcy has been filed. It is an equal, if not a greater responsibility, of the Plaintiff and her counsel to notify a court of the bankruptcy and to file any and all paperwork necessary to stay, vacate or cancel any contempt orders that are outstanding. Plaintiff and her counsel knew for at least six months that there was an Order for a bench warrant entered by Judge Lewis in the Court of Common Pleas. Plaintiff states in her pleadings that the receipt of her warrant is what caused her to seek counsel, but in those next six months failed to file any paperwork necessary to stay or vacate that Order.

7

Additionally, as set forth on Page 7 of Judge Opel's August 7, 2013 Opinion, §363(b)(1) states that the filing of a bankruptcy petition does not, by itself, act as an automatic stay to the continuation of a proceeding against a debtor. In this case, the Order for a bench warrant was issued as a result of Plaintiff's disregard for the prior Orders entered compelling her to respond to post judgment discovery, appear before the judge and to pay sanctions, and, were therefore not collection activity. Copies of the previously entered orders are attached hereto as Exhibit "D." When Defendant's counsel was informed that Plaintiff had been arrested, he indicated to Judge Lewis' clerk that his file was closed because of Plaintiff's bankruptcy and that because of the bankruptcy he did not have a position with regard to Plaintiff's disregard of the prior Orders and any sanctions that the Judge may issue, but that he did not need her responses to the discovery any longer.

It is the position of many Pennsylvania Court of Common Pleas Judges that the enforcement by the Court of a Contempt Order is not a collection activity, and as such is not stayed by a bankruptcy filing. An Order issued for Contempt for failure to comply with court orders, hearing notices, etc., as was the case here, are based upon an affront to the court, separate and distinct from any collection activity, and are therefore not stayed automatically because a bankruptcy was filed. Therefore, it could be assumed that even if Defendant had notified Judge Lewis of the bankruptcy, the Contempt Order would likely have remained in effect.

3. The Default Should Be Set Aside Because the Defendant Did Not Act With Callous Disregard or Bad Faith

The third factor under Rule 60, is the culpability of the Defendant's conduct. A motion to set aside a judgment or order under Rule 60(b) must be made "within a

8

reasonable time". The Third Circuit made it clear in *Moolenaar v. Government of Virgin Islands*, 822 F.2d 1342 (3d Cir. 1987), that "motions under Rule 60(b)(1)-(3) must be brought within one year of entry of a final judgment. Based upon this standard, CFS has timely filed this Motion to Vacate the Default Judgment.

Fed. R. Civ. P. 60(b)(1) allows an order to be vacated for "mistake, inadvertence, surprise or excusable neglect." Denying a motion to vacate a Default is appropriate where the Defendant displays a flagrant bad faith or callous disregard of the rules. *Emcasco*, 834 F.2d at 75. Even an unexcused failure to file an answer to a complaint generally does not constitute flagrant bad faith or justify the "extreme" sanction of refusal to vacate an entry of default. *Id.* More than mere negligence must be demonstrated. *Bennett*, 2012 U.S. Dist. LEXIS 32361, at *6-7.

Plaintiff filed a Motion for Default Judgment on May 7, 2013. Plaintiff's attorney did not file a certificate of service with that Motion, and Defendant never received that Motion. Nor at any time prior to filing the Motion for Default Judgment, did Plaintiff's attorney attempt to contact CFS with regard to attempting to settle this matter or advise of her intention to file a Motion for Default. Nor does CFS recall ever receiving any documents other than the original Summons and Complaint with regard to this matter. It was unaware that an Order had been entered on June 6, 2013, and the record again reflects that the Order was never delivered to Defendant. Because it had not received the prior two documents, it was unaware that a Judgment had been entered or that there was hearing scheduled for July 18, 2013. It was never notified of the Order entered August 7, 2013. Copies of the Certificate of Notice indicating that Defendant was never served the

9

Motion, subsequent Orders or Judge Opel's Opinion are attached hereto as Exhibits "A-C". Upon discovering that judgment had been entered, CFS has filed this Motion.

As a result of not receiving any pleadings beyond the Summons and Complaint Defendant was unaware that a Default Judgment was pending, that an Order granting that Motion was entered, that a hearing on damages was set, or that Judge Opel had entered an Order finding against Defendant for $88000.00. Had it been aware of those events, appropriate steps would have been taken to either present a defense or settle the matter. CFS neither willfully nor in bad faith failed to respond within the required time especially in light of the potential damages it could incur.

There is no evidence that CFS's failure to timely answer the Complaint was the result of flagrant bad faith or callous disregard of the rules as it would serve no purpose for CFS to purposely fail to respond. This is especially true, in cases such as this, when defendant has a defense to the allegations contained in the Complaint. As CFS was unaware of the status of the Complaint, its subsequent failure to timely respond does not demonstrate the requisite "bad faith" or "willfulness" necessary for denial of a motion to vacate a default judgment. *See, Hritz*, 732 F.2d. at 1182.

Defendant's failure to file a response qualifies as the type of "mistake, inadvertence, surprise, or excusable neglect" or an "other reason justifying relief from judgment" as to permit the Court to set aside the entry of default judgment under Rule 60(b). Without question, CFS's failure to file a responsive pleading prior to the entry of default judgment was not willful nor did it provide any tactical advantage, as it only served to increase Plaintiffs attorneys' fees and failed to allow Defendant an opportunity to plead its case.

10

Equally without question, Defendant has a meritorious defense to this matter, as is detailed in Defendant's proposed Answer. Furthermore, the merits of Plaintiffs' case, and their ability to prove the allegations set forth therein, will in no way be prejudiced by the Court vacating the Default Judgment and having Plaintiffs prove their case.

## IV.    Conclusion

WHEREFORE, based on the foregoing, Defendant Commonwealth Financial Systems, Inc. respectfully requests the Default Judgment be VACATED and that Defendant, CFS, be allowed to file its Answer to Plaintiff's Complaint.

Edwin A. Abrahamsen & Associates, P.C.

DATE: <u>August 21, 2013</u>                         BY:  <u>/s/ *Edwin A. Abrahamsen, Esquire*</u>
Edwin A. Abrahamsen, Esquire
PA Attorney I.D. No.: 23139
Edwin A. Abrahamsen & Associates
120 N. Keyser Avenue
Scranton, PA 18504
Attorney for Defendant, Commonwealth Financial Systems, Inc.

11

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

|  |  |  |
|---|---|---|
| LISA ISKRIC | : | CHAPTER 7 |
| DEBTOR | : | CASE NO. 1-12-03839-RNO- |

|  |  |  |
|---|---|---|
| LISA ISKRIC | : | ADVERSARY No. |
| v. | : | 1-13-ap-00076-RNO |
|  | : |  |
| COMMONWEALTH FINANCIAL | : | Nature of Proceeding: |
| SYSTEMS, INC. | : | MOTION TO SET ASIDE |
| DEFENDANT: | | DEFAULT JUDGMENT |

### CERTIFICATE OF SERVICE

I, Edwin A. Abrahamsen, Esquire, hereby certify that I caused a true and correct

copy of Defendant's Memorandum of Law in Support of Motion to Set Aside Default

Judgment to be served electronically on the date set forth below upon the following:

Lisa A. Rynard, Esquire
1719 North Front St.
Harrisburg, PA 17102

Edwin A. Abrahamsen & Associates, P.C.

DATE: <u>August 21, 2013</u>     BY:    <u>/s/ *Edwin A. Abrahamsen*</u>
Edwin A. Abrahamsen, Esquire
PA Attorney I.D. No.: 23139
Edwin A. Abrahamsen & Associates
120 N. Keyser Avenue
Scranton, PA 18504
Attorney for Defendant