# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

|  |  |  |
|---|---|---|
| LISA ISKRIC | : | CHAPTER 7 |
| DEBTOR | : | CASE NO. 1-12-03839-RNO- |

|  |  |  |
|---|---|---|
| LISA ISKRIC | : | ADVERSARY No. |
| v. | : | 1-13-ap-00076-RNO |
|  | : |  |
| COMMONWEALTH FINANCIAL | : | Nature of Proceeding: |
| SYSTEMS, INC. | : | MOTION TO SET ASIDE |
| DEFENDANT: |  | DEFAULT JUDGMENT |

## DEFENDANT, COMMONWEALTH FINANCIAL SYSTEMS, INC., ANSWER TO COMPLAINT FOR CONTEMPT FOR VIOLATION OF THE AUTOMATIC STAY AND AFFIRMATIVE DEFENSES

Defendant, Commonwealth Financial Systems, Inc. (CFS), by and through its attorneys, Edwin A. Abrahamsen & Associates P.C., submits its Answer to the Plaintiff's Complaint and submits Affirmative Defenses as follows:

## I.    PARTIES

1.    CFS is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 1, and therefore denies same.

2.    Admitted.

## II.    JURISDICTION AND VENUE

3.    Denied. The allegations of paragraph 3 of Plaintiff's Complaint are conclusions of law, which are deemed denied.

4.    Denied. The allegations of paragraph 4 of Plaintiff's Complaint are conclusions of law, which are deemed denied.

5. Denied. The allegations of paragraph 5 of Plaintiff's Complaint are conclusions of law, which are deemed denied.

6. Denied. The allegations of paragraph 6 of Plaintiff's Complaint are conclusions of law, which are deemed denied.

7. Denied. The allegations of paragraph 6 of Plaintiff's Complaint are conclusions of law, which are deemed denied.

## ANSWER TO COMPLAINT

8. Admitted.

9. Admitted.

10. Admitted to the extent that a Motion Civil Contempt was filed for Defendant's failure to respond to post judgment discovery sent to Plaintiff on August 3, 2007, or to abide by Judge Lewis's prior Orders entered on November 29, 2007, May 14, 2008, or December 8, 2008.

11. Denied. The June 19, 2012 Order is a writing which speaks for itself and any characterization thereof is denied.

12. CFS is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12, and therefore denies same.

13. Admitted.

14. Admitted.

15. Denied. The fax is a writing which speaks for itself, any characterization thereof is denied.

16. Denied. While Defendant may have received notice of the bankruptcy it is denied that it has an affirmative duty, or a duty greater than that of Plaintiff, to seek a stay

of a Contempt Order. Further, an Order issued for Contempt for failure to comply with court orders, hearing notices, etc., as was the case here, are based upon an affront to the court, separate and distinct from any collection activity, and are therefore not stayed automatically because a bankruptcy was filed and the staying or enforcement of that Order is at the discretion of the trial judge.

17. Denied. The notice is a writing which speaks for itself, and any characterization thereof is denied.

18. Admitted as a matter of record.

19. Denied. See response to paragraph 16.

20. CFS is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 20, and therefore denies same.

21. CFS is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 21, and therefore denies same.

22. CFS is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 22, and therefore denies same.

23. CFS is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 23, and therefore denies same.

24. CFS is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 24, and therefore denies same.

25. CFS is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 25, and therefore denies same.

26. Admitted to the extend Plaintiff was in Dauphin County Prison. CFS is without sufficient knowledge or information sufficient to form a belief as to whether the

Contempt Order issued in the matter was the sole reason for her transport and therefore denies same. Further, as set forth in the June 19, 2012 Order, upon taking the Plaintiff into custody, the arresting party was to notify Judge Lewis or the appropriate Discovery Judge. CFS is without sufficient knowledge or information sufficient to form a belief as to whether such action was taken.

27.    CFS is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 27, and therefore denies same.

28.    CFS is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 28, and therefore denies same.

29.    CFS is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 29, and therefore denies same.

30.    CFS is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 30, and therefore denies same.

31.    CFS is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 31, and therefore denies same.

32.    CFS is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 32, and therefore denies same. However, the Order dated June 19, 2012 states that attorney's fees in the amount of $250.00 was to have been paid by Plaintiff within 20 days of that Order. Such amount was not paid by Plaintiff within the time prescribed by the Order.

33.    CFS is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 33, and therefore denies same. To the

extent a further response is deemed necessary, it is denied that Defendant is responsible for the lack of understanding by Plaintiff as to who should be paid.

34.     CFS is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 34, and therefore denies same. To the extent a further response is deemed necessary, it is denied that Defendant is responsible for the lack of understanding by prison officials.

35.     CFS is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 35, and therefore denies same. To the extent a further response is deemed necessary, if Plaintiff's arrest records were misplaced, it is denied that Defendant is responsible for Plaintiff's arrest records being misplaced.

36.     CFS is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 36, and therefore denies same.

37.     CFS is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 37, and therefore denies same. Additionally, February 21, 2013 was the first that Defendant's counsel in the Court of Common Pleas matter was made aware of the arrest of Plaintiff.

38.     CFS is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 38, and therefore denies same.

39.     CFS is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 39, and therefore denies same.

40.     CFS is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 40, and therefore denies same.

41.     CFS is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 41, and therefore denies same.

42.     CFS is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 42, and therefore denies same.

43.     CFS is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 43, and therefore denies same.

44.     CFS is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 44, and therefore denies same.

45.     CFS is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 45, and therefore denies same.

46.     CFS is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 46, and therefore denies same.

47.     CFS is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 47, and therefore denies same.

48.     CFS is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 48, and therefore denies same.

49.     CFS is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 49, and therefore denies same.

50.     CFS is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 50, and therefore denies same.

51.     CFS is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 51, and therefore denies same.

52. CFS is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 52, and therefore denies same.

53. CFS is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 53, and therefore denies same.

54. CFS is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 54, and therefore denies same.

55. CFS is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 55, and therefore denies same.

56. Denied. It is denied that Defendant failed to cease collection efforts. The Bench warrant issued from the June 19, 2012 Contempt Order, and the enforcement thereof is not viewed by the Court of Common Pleas as a collection activity and a bankruptcy therefore does not serve as an automatic stay of the Contempt Order. It is further denied that it is the sole responsibility of Defendant to seek a Stay. It is further denied that had Defendant sought a Stay of the enforcement of the Contempt Order that it would have been automatically granted by the Court.

57. Denied. The allegations of paragraph 57 of Plaintiff's Complaint are conclusions of law, which are deemed denied.

58(a-c). Denied. Defendant took all necessary actions upon receipt of initial filing and discharge of Plaintiff's bankruptcy. Defendant should not be held liable for Plaintiff's inability to reply to Defendant's discovery requests in the 4 years preceding her bankruptcy, to abide by the several court Orders prior to filing her bankruptcy, or to take a proactive step once the bankruptcy was filed to file a motion with the Court of Common Pleas of Dauphin County seeking the Contempt Order be Stayed or Vacated.

All subsequent damages, to the extent there are any, are the result of these failures of Plaintiff, and not the Defendant.

59.    Denied.

60.    Denied.

61.    Denied. .

62.    Denied. The allegations of paragraph 62 of Plaintiff's Complaint are conclusions of law, which are deemed denied.

63     Denied. It is denied that Defendant has violated any sections of the Bankruptcy Code, and therefore no behavior to be discouraged.

64.    Denied. The allegations of paragraph 64 of Plaintiff's Complaint are conclusions of law, which are deemed denied. To the extent a further response is required, it is further denied that there have been any willful violations of the Bankruptcy Code by Defendant.

## AFFIRMATIVE DEFENSES

1.    Plaintiff failed to state a cause of action under the Bankruptcy Code upon which relief can be granted.

2.    Plaintiff did not suffer any damages and CFS was not the proximate cause of any damages Plaintiff may have suffered.

3.    Plaintiff failed to mitigate her damages.

4.    CFS, at all material times with respect to Plaintiff, acted in good faith and complied with all State and Federal laws.

5.    Any harm suffered by Plaintiff was not caused by any act or omission of CFS.

6.     Any harm suffered by Plaintiff was caused by Plaintiffs' own conduct or the conduct of third parties over which Defendant had no control or authority.

7.     Any harm suffered by Plaintiff were caused by Plaintiffs' own inability to respond to, or abide by, prior Orders of the Dauphin County Court of Common Pleas.

8.     Any violation of any statute is denied.  Should the court determine that a violation occurred, the same was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid such error.

WHEREFORE, Defendant CFS denies that Plaintiffs are entitled to any relief and demands judgment in its favor and against Plaintiff.  Further, Defendant CFS asks the court to deny Plaintiff any actual damages, statutory damages, costs of litigation, reasonable attorneys' fees, treble damages, punitive damages and/or any damages of any sort.

Respectfully submitted,


BY:   _/s/ Edwin A. Abrahamsen_
Edwin A. Abrahamsen, Esquire
PA Attorney I.D. No.: 23139
Edwin A. Abrahamsen & Associates
120 N. Keyser Avenue
Scranton, PA 18504
Attorney for Defendant

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| LISA ISKRIC | : | CHAPTER 7 |
| DEBTOR | : | CASE NO. 1-12-03839-RNO- |

| | | |
|---|---|---|
| LISA ISKRIC | : | ADVERSARY No. |
| v. | : | 1-13-ap-00076-RNO |
| | : | |
| COMMONWEALTH FINANCIAL | : | Nature of Procceeding: |
| SYSTEMS, INC. | : | MOTION TO SET ASIDE |
| DEFENDANT: | | DEFAULT JUDGMENT |

## CERTIFICATE OF SERVICE

I, Edwin A. Abrahamsen, Esquire, hereby certify that I caused a true and correct copy of Defendant's Motion to Set Aside Default Judgment to be served electronically on the date set forth below upon the following:

> Lisa A. Rynard, Esquire
> 1719 North Front St.
> Harrisburg, PA 17102

Edwin A. Abrahamsen & Associates, P.C.

DATE: <u>August 16, 2013</u>

BY: <u> /s/ Michael F. Ratchford</u>
Michael F. Ratchford, Esquire
PA Attorney I.D. No.: 86285
Edwin A. Abrahamsen & Associates
120 N. Keyser Avenue
Scranton, PA 18504
Attorney for Defendant